IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICOLA MELIA, #09201-056 | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. GLR-13-257 |
| J.F. CARAWAY, *WARDEN* | * | |
| Respondent | * | |

\*\*\*\*\*\*

# MEMORANDUM

## Procedural History

On January 25, 2013, this counseled 28 U.S.C. § 2241 Petition for writ of habeas corpus was filed on behalf of Nicola Melia ("Melia"), an 81-year old U.S. Bureau of Prisons' ("BOP") inmate housed at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). ECF No. 1. Melia claims that he sought and was denied admission to the Residential Drug Abuse Program ("RDAP") established by BOP, thus denying him early release from his confinement. He contends that he was erroneously deemed ineligible for the RDAP because of his underlying criminal offense under 28 C.F.R. § 550.55(b)(5)(ii) and (iii). In sum, he contends that his offense was not a "crime of violence" so as to render him ineligible for early release.

Respondent has filed a Court-Ordered show cause response and Motion to Dismiss, which remains unopposed. ECF No. 3. A hearing on the Motion is unnecessary. See Local Rule 105.6. (D. Md. 2011). For reasons to follow, Respondent's Motion shall be granted and the Petition shall be denied and dismissed without prejudice.

**Standard of Review**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the cause of action. See Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). A movant need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the Court must consider all well-pleaded allegations as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the Petitioner. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the Petition, the Court need not accept unsupported legal allegations. See Revene v. Charles Cnty. Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. With this standard in mind, the Court will review Petitioner's claims based upon the unopposed record.

**Analysis**

Title 18 U.S.C. § 3621(b) requires the BOP to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such a RDAP, including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3). Subsection 3621(e)(2)(B) was codified under 28 C.F.R. § 550.58. Section 550.58 specified three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense; must have a substance abuse problem; and must successfully complete a residential drug abuse treatment program while incarcerated.

While 18 U.S.C. § 3621 provides for a reduction of custodial time for non-violent offenders, the language of § 3621(e)(2) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release. See Lopez v. Davis, 531 U.S. 230, 241 (2001); Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000). Section 3621 vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining early release eligibility. See 28 C.F.R. § 550.58 (2008).

On January 14, 2009, the BOP published its proposed new rule through the notice and comment procedures. On March 16, 2009, this new version was adopted by the BOP. This new version, codified at 28 C.F.R. § 550.55, is essentially identical to the former version codified at 28 C.F.R. § 550.58, but provides a detailed rationale for why offenders were not entitled to early release consideration.

Petitioner challenges the denial of his eligibility for benefits from the RDAP program. Respondent presents the following uncontroverted information in support of his Motion to Dismiss.

Melia is currently serving an aggregate sentence of sixty months, to be followed by five years of supervised release for violation of 18 U.S.C. §§ 894 & 922(g) (collection of extensions of credit by extortionate means and possession of ammunition by a convicted felon). ECF No. 3 at Ex. 2 & Bryan Decl. Petitioner was evaluated for entry into the RDAP and was found eligible for RDAP participation, but determined to be "provisionally ineligible for early release due to the facts and circumstances of his conviction (use, carrying or possession of a firearm for connection with the drug trafficking offense). Id. at Att. C. He entered the RDAP on December 11, 2012. Id. at Bryan Decl. On January 2, 2013, he made an inappropriate comment while in a group RDAP orientation and indicated that he would need assistance to finish RDAP journals. Id. Although advised as to the need to satisfy program responsibilities, Melia indicated that he would not be able to participate in the "therapeutic community up-meeting" due to his difficulty in hearing and inability to speak in front of large groups. Id. On February 7, 2013, Melia declined to further participate in the RDAP and is not partaking in the RDAP at this time.

Respondent argues that Melia's claim for early release is subject to dismissal because the issue is not ripe for adjudication as he has not successfully completed the RDAP and has in fact

4

withdrawn from the program. In addition, he asserts that Melia's claim is premature because his early release eligibility is "provisional" in nature and may be subject to modification for a variety of reasons at any time prior to his release. Finally, he claims that 18 U.S.C. § 3625 precludes judicial review of the BOP's determination with regard to Melia's early release determination.

A court cannot decide a claim that is not ripe for adjudication. See Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003). Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Id., at 807–08 (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967); Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 732–33 (1998)).

In Abbot Laboratories v. Gardner, the Supreme Court set out a two-part test for determining whether administrative action is ripe for judicial review. Courts must evaluate: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration. Abbott Labs., 387 U.S. at 149. The Fourth Circuit has interpreted the first prong of the Abbott Labs test to mean that a case is fit for judicial decision where the issues to be considered are "purely legal ones" and where the agency rule or action giving rise to the controversy is "final and not dependent upon future uncertainties or intervening agency rulings." Arch Mineral Corp. v. Babbitt, 104 F.3d 660, 665 (4th Cir. 1997). The Fourth Circuit has indicated that for the second prong of the Abbott Labs test to be met, there must be "an administrative decision [that] has been formalized and its effects felt in a concrete way by the challenging parties." Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir. 1992). The second prong is measured by the immediacy of

5

the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law. Id., at 208.

The Court finds that Melia's circumstances do not meet either prong of the Abbott test. He is no longer in the RDAP and is not a successful graduate of the treatment program, which is a prerequisite to the BOP's exercise of discretion to authorize a sentence reduction. Further, the pronouncement that he was ineligible for early release was "provisional," he therefore may have been found eligible. His Petition is premature. Until Melia successfully completes the RDAP and until then officially denied a sentence reduction, his claims are merely hypothetical and not ripe for judicial review. To be considered for entrance into the RDAP, Melia would need to reapply and be admitted once a spot is available. Until he does so, the possibility of early release upon completion of the RDAP is moot.

**Conclusion**

For the aforementioned reasons, Respondent's Motion to Dismiss shall be granted. A separate Order follows.

May 28, 2013 /s/
_____
George L. Russell, III
United States District Judge